IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MARY GONZALEZ,         ) | |
|     Plaintiff,         ) | |
|         ) | |
| v.         ) | |
|         ) | Case No. 1:23-cv-192 |
| HOMEFIX CUSTOM REMODELING,         ) | |
| CORP.,         ) | |
|     Defendant.         ) | |

**MEMORANDUM OPINION**

Plaintiff Mary Gonzalez ("Plaintiff") has filed this class action complaint against Defendant Homefix Custom Remodeling Corporation ("Defendant") alleging that Defendant made unsolicited telemarketing calls to individuals who placed their phone numbers on the national Do-Not-Call registry or who asked Defendant stop calling them. Plaintiff alleges that Defendant's telemarketing practices violated the federal Telephone Consumer Protection Act of 1991 (the "TCPA"), 47 U.S.C. § 227 *et seq.*, and the Virginia Telephone Privacy Protection Act (the "VTPPA"), Va. Code § 59.1-510 *et seq.* In response, Defendant filed a Motion to Transfer arguing that the case should be transferred to the District of Maryland pursuant to the First-to-File Rule and 28 U.S.C. § 1404(a) because two nearly identical putative class actions have already been filed against Defendant in that district. Defendant's Motion to Transfer has been fully briefed and argued and is now ripe for disposition. For the reasons stated below, Defendant's motion will be granted and this case will be transferred to the District of Maryland.

**I.**

Congress enacted the TCPA in 1991 as a "response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers.'" *Krakauer v. Dish*

1

*Network, LLC*, 925 F.3d 643, 649 (4th Cir. 2019) (quoting Pub. L. No. 102-243, 105 Stat. 2394 (1991)). As part of this effort, the TCPA prohibits calls to phone numbers that individuals have placed on the national Do-Not-Call registry. *Id.* Similarly, Virginia enacted the VTPPA to protect Virginia residents from unwanted telemarketing calls, and like the TCPA, the VTPPA prohibits phone calls to numbers listed on the national Do-Not-Call registry. *See* Va. Code § 59.1-514(B).[1] Both the TCPA and the VTPPA create a private right of action for individuals who receive illegal telemarketing calls and both statutes provide for at least $500 in damages per violation. *See* 47 U.S.C. § 227(c)(5); Va. Code § 59.1-515(A).

Here, Plaintiff alleges that Defendant violated both the TCPA and the VTPPA by calling individuals whose phone numbers were listed on the national Do-Not-Call registry. *See* Compl., Dkt. 1 at ¶¶ 77, 93. Plaintiff also alleges that Defendant violated the TCPA by placing telemarketing calls to individuals who previously asked Defendant to stop calling them. *Id.* at ¶¶ 82–83. Plaintiff seeks similar relief under both the federal and Virginia statutes. Under the TCPA, Plaintiff seeks "up to $500 and [sic] in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful"; under the VTPPA, Plaintiff seeks "a minimum of $500.00 in damages for each violation." *Id.* at ¶¶ 79, 85–86, 94. Plaintiff also seeks injunctive relief under both statutes enjoining Defendant from making unsolicited telemarketing calls to class members in the future.

---

[1] The VTPPA does not create a separate, Virginia Do-Not-Call registry and instead prohibits telephone solicitation calls "to a telephone number on the National Do Not Call Registry maintained by the federal government." Va. Code § 59.1-514(B).

Plaintiff brings this action on behalf of herself and three proposed classes, which Plaintiff defines as follows:

(i) <u>National Do Not Call Registry Class</u>: All persons in the United States who at any time in the period that begins four years before the date of filing Plaintiff's Complaint to trial (1) had placed their telephone numbers on the National Do Not Call Registry for at least 31 days, (2) received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period, and (4) had previously asked the calls to stop or had not transacted business with Defendant for at least 18 months or who had not inquired about Defendant's services within 3 months preceding the call.

(ii) <u>Internal Do Not Call Class</u>: All persons in the United States who at any time in the period that begins four years before the date of filing Plaintiff's Complaint to trial (1) received two or more telemarketing calls in a 12-month period from Defendant (or an agent acting on behalf of Defendant), (2) were not current customers of Defendant at the time of the call, and (3) had previously asked for the calls to stop.

(iii) <u>VTPPA Class:</u> All persons in Virginia or with a Virginia area code who from the four years prior to the filing of Plaintiff's Complaint through the date of trial (1) received a telephonic sales call from Defendant or a third party acting on Defendant's behalf regarding goods or services, (2) to a number on the National Do Not Call Registry.

Compl. at ¶ 60.

In response, Defendant argues that the case should be transferred to the District of Maryland pursuant to the First-to-File Rule and 28 U.S.C. § 1404(a) because two putative class actions have already been filed against Defendant in the District of Maryland alleging nearly identical conduct and seeking to certify classes composed of the same members as Plaintiff's proposed classes. *See Dribben v. Homefix Custom Remodeling, Corp.*, Case No. 1:22-cv-1143 (D. Md. filed May 11, 2022) (the "*Dribben* case"); *Miranda v. Homefix Custom Remodeling, Corp.*, Case No. 8:22-cv-3190 (D. Md. filed Dec. 12, 2022) (the "*Miranda* case"). Specifically, the *Dribben* case seeks to certify one class defined as the following:

> All persons within the United States who, within the four years prior to the filing of the Complaint: (1) placed their telephone numbers on the National Do Not Call Registry for at least 31 days; (2) but received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period.

3

Ex. A to Def.'s Mem. in Supp. of Mot. to Transfer (hereinafter the "*Dribben* Complaint"), Dkt. 16-1 at ¶ 57. Similarly, the *Miranda* case seeks to certify the following two classes[2]:

(i) <u>TCPA Do Not Call Registry Class:</u>  All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant, or an agent calling on behalf of Defendant, called more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called [the named plaintiffs].

(ii) <u>TCPA Internal Do Not Call Class:</u> All persons in the United States who from four years prior to the filing of this action though trial (1) Defendant, or an agent calling on behalf of Defendant, called more than one time, (2) within any 12-month period, (3) for substantially the same reason that Defendant called [the named plaintiffs], (4) including at least once after the person requested that Defendant or its agent to stop.

Ex. B. to Def.'s Mem. in Supp. of Mot. to Transfer (hereinafter the "*Miranda* Complaint"), Dkt. 16-2 at ¶ 57. For the reasons that follow, Defendant's Motion to Transfer must be granted.

**II.**

Defendant first argues that the First-to-File Rule compels transfer of this action to the District of Maryland. The First-to-File Rule is a principle of "sound judicial administration" that favors allowing an earlier-filed action to proceed to the exclusion of a later filed action addressing substantially the same issues. *Ellicott Mach. Corp. v. Modern Welding Co.*, 502 F.2d 178, 180 n.2 (4th Cir. 1974) (quoting *Mattel, Inc. v. Louis Marx & Co.*, 353 F.2d 421, 423 (2d Cir. 1965)). As the Fourth Circuit has explained, "[o]rdinarily, when multiple suits are filed in different Federal courts upon the same factual issues, the first or prior action is permitted to proceed to the exclusion of another subsequently filed." *Allied-General Nuclear Serv. v. Commonwealth Edison Co.*, 675 F.2d 610, 611 n.1 (4th Cir. 1982). The First-to-File Rule is

---

[2] The *Miranda* case also seeks to certify three other classes based on provisions of the TCPA banning certain pre-recorded calls as well as Florida's state-law equivalent to the TCPA and the VTPPA. Those three classes do not overlap with any of the classes Plaintiff seeks to certify in this action and therefore are not relevant to the transfer calculus here.

4

"generally followed, absent a showing of the 'balance of conveniences' or 'special circumstances.'" *Affinity Memory & Micro, Inc. v. K & Q Enters., Inc.*, 20 F. Supp. 2d 948, 954 (E.D. Va. 1998) (quoting *Adams v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991)). Special circumstances that "giv[e] rise to exceptions to the first-to-file rule include bad faith, anticipatory suits, and forum shopping." *Samsung Elecs. Co., Ltd. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 724 (E.D. Va. 2005). Importantly, the policy behind the First-to-File Rule is the "avoidance of duplicative litigation and the conservation of judicial resources." *Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006).[3]

In applying these principles, district courts in the Fourth Circuit have adopted a three-part test to determine whether two actions come within the scope of the First-to-File Rule: courts consider "(1) the chronology of the filings, (2) the similarity of the parties involved, and (3) the similarity of the issues at stake." *Gibbs v. Stinson*, 421 F. Supp. 3d 267, 287 (E.D. Va. 2019) (quoting *Victaulic Co. v. E. Indus. Supplies, Inc.*, 2013 WL 6388761, at *3 (D.S.C. Dec. 6, 2013)).[4] Importantly, the First-to-File Rule does not require that the actions being assessed "be identical if there is substantial overlap with respect to the issues and parties." *Byerson*, 467 F. Supp. 2d at 635–36. If two actions fall within the scope of the First-to-File Rule, the decision whether to apply the rule "is an equitable determination that is made on a case-by-case, discretionary basis." *Gibbs*, 421 F. Supp. 3d at 287 (quoting *Elderberry of Weber City, LLC v.*

---

[3] *See also Gibbs v. Stinson*, 421 F. Supp. 3d 267, 287 (E.D. Va. 2019) ("[T]he first-to-file rule, as a matter of policy, seeks to avoid duplicative litigation and to conserve judicial resources."); *Samsung Elecs. Co., Ltd.*, 386 F. Supp. 2d at 724 ("Where identical actions are pending concurrently in two federal courts, the first-filed action is generally preferred . . . The policy underlying the first-to-file rule is the avoidance of duplicative litigation and the conservation of judicial resources.").

[4] Although the Fourth Circuit has never explicitly adopted this test used by district courts in this Circuit for application of the First-to-File Rule, the United States Courts of Appeal for the Sixth, Ninth, and Tenth Circuits have adopted the same three-prong test. *See Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016); *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015); *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1124 (10th Cir. 2018).

*Living Ctrs.-Se., Inc.*, 2013 WL 1164835, at *4 (W.D. Va. Mar. 20, 2013)). Here, all three First-to-File factors persuasively counsel in favor of transfer to the District of Maryland.

### A.

The first factor, chronology of the filings, clearly weighs in favor of applying the First-to-File Rule here. The *Dribben* and *Miranda* cases were filed in the District of Maryland on May 11, 2022, and December 12, 2022, respectively. Plaintiff did not file her Complaint in this case until February 10, 2023, and Plaintiff does not dispute that the *Dribben* and *Miranda* cases were filed before she filed her Complaint. Thus, the first factor favors transfer.

### B.

The second factor—similarity of the parties involved—also favors transfer pursuant to the First-to-File Rule. In analyzing this factor, complete identity between the parties in the lawsuits is not required; instead, "substantial overlap" of the parties is sufficient for application of the First-to-File Rule. *Byerson*, 467 F. Supp. 2d at 636. Where the two compared actions are proposed class actions, courts in applying the First-to-File Rule "have looked at whether there is substantial overlap with the putative class even though the class has not yet been certified." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 790 (6th Cir. 2016).

Here, all three cases involve the same, single defendant, Homefix Custom Remodeling Corporation. Moreover, this case and the *Dribben* and *Miranda* cases all include substantial overlap among the plaintiff classes, because the proposed classes in the *Dribben* and *Miranda* cases encompass nearly all members of Plaintiff's three proposed classes. First, all of the members of Plaintiff's "National Do Not Call Registry Class" would be encompassed by the only proposed class in the *Dribben* case and the "TCPA Do Not Call Class" proposed in the *Miranda* case. In this respect, the *Dribben* class and the *Miranda* "TCPA Do Not Call Class"

6

include all persons in the United States whose telephone numbers were placed on the national Do-Not-Call registry for at least 31 days but who received more than one telemarketing call from or on behalf of Defendant within a 12-month period. *See Dribben* Compl. at ¶ 57; *Miranda* Compl. at ¶ 57. This encompasses *all* of the members of Plaintiff's "National Do Not Call Registry Class," which is defined as all persons in the United States whose telephone numbers were on the Do-Not-Call registry for at least 31 days, who received more than one telemarketing call from Defendant within a 12-month period, and who had previously asked for the calls to stop or had not transacted with Defendant for at least 18 months or who had not inquired about Defendant's services within three months preceding the call. Compl. at ¶ 60. Thus, all members of Plaintiff's first proposed class would be included in the proposed classes in the *Dribben* and *Miranda* cases.

Second, every member of Plaintiff's "Internal Do Not Call Class" would be included in *Miranda*'s proposed "TCPA Internal Do Not Call Class." Plaintiff's "Internal Do Not Call Class" is defined as all persons in the United States to whom Defendant or Defendant's agent placed two or more telemarketing calls in a 12-month period, who were not current customers of Defendant at the time of the call, and who previously asked Defendant to stop calling them. Compl. at ¶ 60. *Miranda*'s proposed "TCPA Internal Do Not Call Class," like the internal Do-Not-Call class in this case, includes all persons in the United States who received more than one call from Defendant or Defendant's agent within a 12-month period including at least once after requesting that Defendant or its agent stop making the calls. *See Miranda* Compl. at ¶ 57. Thus, all members of Plaintiff's "Internal Do Not Call Class" would be encompassed by *Miranda*'s "TCPA Internal Do Not Call Class."

7

Finally, Plaintiff's third proposed class, the VTPPA Class, is nearly identical to Plaintiff's "National Do Not Call Registry Class" and to the Do-Not-Call registry classes proposed in the *Dribben* and *Miranda* cases. The only two unique features of Plaintiff's proposed "VTPPA Class" are that (1) the class is limited to persons in Virginia or with a Virginia area code, and (2) the class only requires that Defendant have placed a *single* telemarketing call to a number on the national Do-Not-Call registry, whereas the Do-Not-Call classes in the *Dribben* and *Miranda* cases require more than one telemarketing call from Defendant. The first difference—that the VTPPA Class is limited to Virginia residents or area codes—is immaterial, because all of the Virginia class members would be encompassed by the other, nationwide Do-Not-Call registry classes which include all persons in the United States. *See* Compl. at ¶ 60; *Dribben* Compl. at ¶ 57; *Miranda* Compl. at ¶ 57.

Nor does the second unique feature of Plaintiff's proposed VTPPA Class defeat application of the First-to-File Rule here. The First-to-File Rule requires only "substantial overlap" between the parties, rather than complete identity. *Byerson*, 467 F. Supp. 2d at 636.[5] And the only subset of members in Plaintiff's proposed VTPPA class not included in the *Miranda* and *Dribben* classes are Virginia residents or individuals with Virginia area codes to whom Defendant placed only one telemarketing call, rather than multiple calls. Notably, not even Plaintiff herself would fall into this category because she alleges that Defendant called her Virginia phone number numerous times. *See* Compl. at ¶¶ 44–48, 54–56. This small category of class members, which does not even encompass Plaintiff herself, does not contradict the fact that

---

[5] *See also Gibbs*, 421 F. Supp. 3d at 287 ("The parties and issues need not be identical, as the first-to-file rule may apply if the parties and issues are substantively the same or sufficiently similar."); *Baatz*, 814 F.3d at 790 ("The first-to-file rule applies when the parties in the two actions substantially overlap, even if they are not perfectly identical."); *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950–51 (5th Cir. 1997) ("The rule does not . . . require that cases be identical. The crucial inquiry is one of 'substantial overlap.'").

8

*every other* member of Plaintiff's three proposed classes would be covered by the proposed class definitions in the *Miranda* and *Dribben* cases. Thus, the requirement of substantial overlap between the parties is clearly met here. As the Sixth Circuit has explained, the First-to-File Rule serves a particularly important role in "overlapping class actions" because "[l]itigating a class action requires both the parties and the court to expend substantial resources," and "[p]erhaps the most important purpose of the first-to-fie rule is to conserve these resources by limiting duplicative cases." *Baatz*, 814 F.3d at 791. If the rule could be circumvented by pointing to a minor difference in class definitions, duplicative class actions would be "allowed to proceed unabated" and "class members could be subject to inconsistent rulings." *Id.* Thus, because there is substantial overlap between the putative classes in this case and the classes proposed in the *Dribben* and *Miranda* cases, the second First-to-File Rule factor clearly warrants transferring this case to the District of Maryland.

### C.

The third First-to-File factor—similarity of the issues at stake—also clearly counsels in favor of transferring this case to the District of Maryland. Two of the three claims at issue in this action are identical to the claims alleged in the *Dribben* and *Miranda* cases: (1) Defendant's alleged violation of the TCPA by calling individuals registered on the national Do-Not-Call registry, and (2) Defendant's alleged violation of the TCPA by placing telemarketing calls to individuals who had previously asked for the calls to stop. The only claim in this action not included in the *Dribben* or *Miranda* complaints is the Virginia state law claim for violation of the VTPPA. But Plaintiff's Virginia claim is merely the state-law equivalent of the federal TCPA claims and is based on essentially the same conduct by Defendant as the federal TCPA claims, namely, making telemarketing calls to individuals registered on the national Do-Not-Call

registry. Moreover, the VTPPA claim seeks similar relief for the proposed class as the federal TCPA claims: statutory damages of "a minimum of $500.00 in damages for each violation" and injunctive relief.[6] Compl. at ¶ 94. Thus, the issues at stake between this case and the *Dribben* and *Miranda* cases are nearly identical and support applying the First-to-File Rule and transferring this matter.

Seeking to avoid this conclusion, Plaintiff argues that her inclusion of the Virginia state law claim renders application of the First-to-File Rule improper. This argument fails because courts in this Circuit have made clear that the claims at issue need not be identical for the First-to-File Rule to apply, but instead need to include "substantial overlap." *Byerson*, 467 F. Supp. 2d at 636. In any event, the Virginia state law claim in Plaintiff's Complaint alleges essentially identical illegal conduct as the TCPA claims, namely, making telemarketing calls to individuals on the national Do-Not-Call registry. Therefore, the Virginia claim will involve the same factual issues at trial as the federal claims. Indeed, courts confronted with similar circumstances have persuasively held that the First-to-File Rule still applies even where the second action includes additional but related claims not present in the first action. *See, e.g.*, *Kendus v. USPack Services LLC*, 2020 WL 1158570, at *3–4 (D. Md. 2020) (transferring FLSA case pursuant to First-to-File Rule even though second-filed action included a Maryland state law claim not present in the first-filed action); *James v. Loancare, LLC*, 2016 WL 10893949, at * 1–2 (E.D. Va. 2016) (transferring proposed class action challenging mortgage practices pursuant to the First-to-File

---

[6] Under the federal TCPA, Plaintiff similarly seeks injunctive relief and "an award of up to $500" in damages for each and every call made and "up to $1,500 in damages if the calls are found to be willful." Compl. at ¶¶ 79–80. Plaintiff has not argued in her brief or at oral argument that any difference in the damages under the two statutes counsels against application of the First-to-File Rule. In any event, as the Sixth Circuit has explained, arguments that "only go[] to damages, not liability," do not prevent application of the First-to-File Rule for duplicative class actions, because the transferee court can "tailor its proceedings to address" damages, "for example by certifying subclasses or bifurcating the proceedings to allow class litigation as to liability while leaving damages for individual determinations." *Baatz*, 814 F.3d at 792. Thus, any hypothetical difference in the damages available under the TCPA and the VTPPA makes no difference in the transfer calculus under the First-to-File Rule here.

Rule even though the second-filed action included a RICO claim not present in the first-filed action). And in at least one putative class action filed under the TCPA, a Michigan district court sensibly applied the First-to-File Rule and transferred a later-filed TCPA case to the district where a substantially similar TCPA case had previously been filed, even though the later-filed case alleged a claim under Florida's state law equivalent to the TCPA that was not present in the first-filed action. *See Danner v. Nextgen Leads, LLC*, 2023 WL 2016818, at *4 (E.D. Mich. 2023). The same result is required here, given that Plaintiff's Virginia law claim involves nearly identical issues to the federal claims alleged in the *Dribben* and *Miranda* cases. Indeed, as one district court correctly observed, "[i]f a plaintiff could eviscerate the First-Filed rule merely by adding a claim based on the state law of the second forum, it would render the rule a dead letter." *Kendus*, 2020 WL 1158570 at *4. Thus, the third First-to-File factor firmly weighs in favor of transfer here.

      In sum, Defendant persuasively argues that the First-to-File Rule supports transfer to the District of Maryland because this case involves the same issues as the *Miranda* and *Dribben* cases, and Plaintiff's proposed class members are nearly identical to those in the Maryland cases. Transfer pursuant to the First-to-File Rule will therefore promote judicial economy and consistency of results. By allowing one court to "sort out the class action issues that will arise in each of the related actions," the rights of "all potential class members can be fully protected and the responsibility of defendants *vis a vis* the putative class members can be properly identified and allocated." *Byerson*, 467 F. Supp. 2d at 636. And any small difference in the proposed class definitions does not diminish the importance of litigating the related actions in one court: in fact, "the differences may make transfer of this action even more important," because "a single district court hearing each of the related actions will be able to ensure that all consumers

adversely affected by the practices complained of will be protected, and that none of their claims will fall through the cracks that may exist between the classes that ultimately are certified." *Id.* Thus, transfer to the District of Maryland is proper under the First-to-File Rule.

### III.

Even though the First-to-File Rule clearly favors transfer here, it is also necessary to consider the principles governing transfer under 28 U.S.C. § 1404(a) in order "to determine if the balance of convenience favors transfer." *Affinity Memory & Micro, Inc.*, 20 F. Supp. 2d at 954. Those principles are "well settled" and "include plaintiff's choice of venue, witness convenience and access, party convenience, and the interest of justice." *Id.* In some cases, however, "the interest of justice may be decisive in ruling on a transfer motion," even if the other factors point in a different direction. *Byerson*, 467 F. Supp. 2d at 635. Indeed, it is well-settled that transfer under § 1404(a) is generally in the interest of justice if a decision not to transfer would lead to courts rendering inconsistent judgments on the same issue. In this respect, the Supreme Court has noted, "[t]o permit a situation in which two cases involving precisely the same issues are simultaneous pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960); *accord Va. Beach v. Roanoke River Basin Ass'n*, 776 F.2d 484, 489 (4th Cir. 1985) (transfer proper where the "parties would be able to litigate in one court the same issues that were the subject matter of actions instituted in two courts").

Here, Plaintiff contends that transfer is unwarranted under § 1404(a) because the Eastern District of Virginia is Plaintiff's chosen forum and is more convenient for the parties and witnesses. This argument fails to persuade because the "interest of justice" factor under § 1404(a) weighs firmly in favor of transfer, making this a case where "the interest of justice

trumps the other factors, even when they suggest a different outcome." *Gibbs*, 368 F. Supp. 3d at 919; *see also Byerson*, 467 F. Supp. 2d at 637 ("The interest of justice weighs particularly heavily here because class actions so significantly implicate the rights of persons who are not actually before the court."); *Samsung*, 386 F. Supp. 2d at 716 ("[T]he interest of justice may be decisive in ruling on a transfer motion even though the convenience of the parties and witnesses point in a different direction."). As discussed with respect to the First-to-File Rule, transfer of this case to the District of Maryland will promote judicial economy and consistent results, because the complaints in all three putative class actions against Defendant involve the same provision of federal law, the same alleged conduct by Defendant, and nearly all of the same class members. Transfer is therefore necessary to allow one court to adjudicate all the related class action issues that will arise in the three nearly identical actions.

In any event, the other § 1404(a) factors do not weigh against transfer here. Although the plaintiff's chosen venue is ordinarily "entitled to substantial weight," *Trs. of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015), this principle is undermined here because "courts often give less weight to the plaintiff's choice of forum in class actions." *Byerson*, 467 F. Supp. 2d at 633. This is so because "there will be numerous potential plaintiffs, each possibly able to make a showing that a particular forum is best suited for the adjudication of the class' claim." *Id.* (quoting *Eichenholtz v. Brennan*, 677 F. Supp. 198, 202 (S.D.N.Y. 1988)). Moreover, as the District of Maryland recently explained, telemarketing class actions under the TCPA "present even less reason to credit a plaintiff's choice of forum" because they are "normally attorney driven and require limited participation from the named plaintiff for their individual claim or as class representatives." *Newman v. Direct Energy, L.P.*, 2023 WL 2914788, at *3 (D. Md. Apr. 12, 2023). For this reason, little weight

should be given to Plaintiff's preferred venue. And in any event, this factor is clearly outweighed by the interest of justice factor.

Nor does party convenience, witness convenience, or access to evidence weigh against transfer. To begin with, the distance between the Eastern District of Virginia and the District of Maryland is quite small given that this matter will be transferred from the Alexandria Division in Virginia to Maryland. Moreover, because Defendant is a Maryland corporation with its principal place of business in Maryland, *see* Compl. ¶ 8, many of the witnesses and much of the evidence related to Defendant's conduct will likely be located in or near Maryland. Indeed, Plaintiff herself agrees that most or all of the evidence in this matter "should be in electronic form and producible anywhere." Pl.'s Opp. to the Mot. to Transfer, Dkt. 18 at 11. Thus, the § 1404(a) factors of party convenience and witness convenience and access do not counsel against transfer here.

Finally, § 1404(a) provides that a district court may only transfer a civil action to another district or division "where it might have been brought." 28 U.S.C. § 1404(a). This requirement is clearly met here. Pursuant to 28 U.S.C. § 1391(b)(1), a civil action may be brought in a "judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." The sole defendant here is "a Maryland corporation with its principal place of business in Laurel, Maryland." Compl. at ¶ 8. Thus, this action clearly could have been brought in the District of Maryland, and transfer to that venue is therefore proper under § 1404(a).

## IV.

In sum, the First-to-File Rule and the § 1404(a) factors—with particular emphasis on the interest of justice—counsel in favor of transferring this case to the District of Maryland. Because two nearly identical putative class actions are already proceeding there against this same

14

Defendant, transfer of this matter to the District of Maryland will foster judicial economy and promote consistent results. Defendant's Motion to Transfer will therefore be granted.

An appropriate Order will issue.

The Clerk of the Court is directed to provide a copy of this Memorandum Opinion to all counsel of record.

Alexandria, Virginia
April 26, 2023

/s/
_____
T. S. Ellis, III
United States District Judge