**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **MARY GONZALEZ**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>vs.<br><br>**HOMEFIX CUSTOM REMODELING, CORP.**,<br><br>*Defendant.* | Case No. 1:23-cv-01135-RDB |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO
DISMISS OR STAY PURSUANT TO THE FIRST-FILED RULE
OR, ALTERNATIVELY, TO CONSOLIDATE**

Defendant, Homefix Custom Remodeling, Corp. ("**Homefix**"), hereby files its Reply in support of its Motion to Dismiss or Stay Action Pursuant to the First-Filed Rule or, Alternatively, to Consolidate [D.E. 34] (the "**Motion**").

On August 1, 2023, Plaintiff, MARY GONZALEZ ("**Plaintiff**"), filed her response in opposition to the Motion [D.E. 37] (the "**Response**"). In the Response, Plaintiff argues (**a**) that the First-Filed Rule does not apply to cases pending in the same District, and (**b**) that consolidation with the Dribben Case would be prejudicial and defeat efficiency because the two cases are at different stages of discovery. As a fallback, Plaintiff argues that the Court should deny the Motion without prejudice to allow for discovery focused on the extent to which this case and the Dribben Case overlap. The Court should reject all of these arguments for the reasons set forth herein.

## **The First-Filed Rule Applies**

In her Response, Plaintiff contends that the First-Filed Rule is inapplicable because this case and the Dribben and Miranda Cases are all pending in this District. Plaintiff argues that the singular purpose of the First-Filed Rule is to establish priority of venue over parallel litigation, a concern which does not exist in this case. *See* Response, at pp. 7-8. From that premise, Plaintiff equates general references in various cases to the First-Filed Rule being applicable to successive proceedings in different ***courts*** as a bright line rule that in order for the First-Filed Rule to apply at all, the cases being analyzed must be pending in entirely different federal ***districts***.

That conclusion is not accurate. To the contrary, numerous federal courts, including several within the Fourth Circuit, have expressly rejected the argument raised by Plaintiff by pointing to the important role the First-Filed Rule plays in avoiding duplicative or inconsistent rulings and promoting judicial economy.[1]

---

[1] *See, e.g., Concierge Auctions, L.L.C. v. ICB Properties of Miami, L.L.C.*, No. 22-50850, 2023 WL 5031485, at *2 (5th Cir. Aug. 7, 2023) (discussing application of the First-Filed Rule and stating: "'The concern manifestly is to avoid . . . rulings which may trench upon the authority of sister courts. . . . 'This concern applies where related cases are pending before two judges in the same district . . . as well as where related cases have been filed in different districts.'") quoting *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997); *Green Tree Servicing, L.L.C. v. Clayton*, 689 Fed. Appx. 363, 368 (5th Cir. 2017) (noting that the court has limited the First-Filed Rule "to related cases 'pending before two judges in the same district . . . [or] related cases . . . filed in different districts.' . . ." to avoid conflicting or duplicative rulings); *Blackwell v. Midland Credit Management, Inc.*, 2018 WL 4963166 (D. S.C. 2018) (noting that it is "clear that the first to file rule applies even where both actions are pending in the same district"); *Walton v. N. Carolina Dep't of Agric. & Consumer Servs.*, 2010 WL 11561770, at *2 (E.D. N.C. 2010) (noting that "the fact that [the two cases] are before different courts in the same district does not obviate applying the rule…."); *Intervet, Inc. v. Merial Ltd.*, 535 F.Supp.2d 112, 114 (D. D.C. 2008) (expressly rejecting argument that First-Filed rule does not apply to cases pending in same district court and relying on First-Filed Rule to dismiss second-filed patent dispute brought in the same district as first-filed declaratory judgment action); *Collier v. Starbucks Coffee Co.*, 2006 WL 8440260, at *1 (M.D. Fla. Aug. 15, 2006) (noting that the First-Filed Rule "applies to cases pending before different judges in the same district and to cases pending in different districts."); *Medina v. Bros. Behrman Hwy., Inc.*, 2015 WL 3679534, at *2 (E.D. La. June 12, 2015) ("Thus, the first to file rule applies 'where related cases are pending before two judges in the same district . . . as well as where related cases have been filed in different districts.' . . ."); *Jones v. Singing River Health Servs. Found.*, 2015 WL 12672726, at *3 (S.D. Miss. June 5, 2015) ("The policies behind the first-to-file rule apply equally to cases where related cases are pending before two different judges in the same district court."); *see also Butler v. Fluor Corporation*, 2018 WL 8693487 (D. S.C. 2018) (declining to rule on the applicability of the First-Filed Rule to two cases pending before the same judge, and instead exercising discretion to not apply the Rule since judicial resources could be conserved without dismissal of the second action – i.e., by consolidating the two cases).

As such, Plaintiff's recitation of the purpose of the First-Filed Rule is, at best, incomplete. Although priority of venue is certainly a concern that can be addressed by application of the First-Filed Rule, it is neither the only concern nor the most important. Avoidance of duplicative or inconsistent rulings and the promotion of judicial economy are paramount.

These complementary polestars of judicial administration are a critical underlying rationale for application of the First-Filed rule.  As noted in *Glodek v. Richardson*:

> "The Fourth Circuit has recognized the 'first to file' rule [ ], giving priority to the first suit absent showing of a balance of convenience in favor of the second." *Learning Network, Inc. v. Discovery Commc'ns, Inc.*, 11 F. App'x 297, 300 (4th Cir. 2001). "Under the 'first-filed' rule, for purposes of choosing between possible venues when parallel litigation has been instituted in separate courts, the court in which jurisdiction first attaches should be the one to decide the case." *Affinity Memory & Micro, Inc. v. K & Q Enters., Inc.*, 20 F. Supp. 2d 948, 954 (E.D. Va. 1998). "**The purpose of this rule is the avoidance of duplicative litigation and the conservation of judicial resources and to ensure judicial efficiency, consistency, and comity**." *Income Tax School, Inc. v. Lopez*, Case No. 3:12–CV–334, 2012 WL 3249547, at *12 (E.D. Va. 2012).

2020 WL 263476, at *2 (D. Md. Jan. 16, 2020) (emphasis added); *see also Hiitt Contracting, Inc. v. Hartford Fire Ins. Co.*, 2021 WL 2352281, at *3 (D. Md. June 9, 2021) (applying First-Filed rule to stay second-filed federal court action in favor of parallel and first-filed state court action "**to avoid duplicative litigation and potential inconsistent decisions**.") (emphasis added). Notably, the Rule has been widely recognized as having particular applicability to class actions, where "the principles of avoiding duplicative proceedings and inconsistent holdings are at their zenith." *See e.g. Farina v. Mazda Motor of America, Inc.*, 2023 WL 4241675, at *4 (W.D N.C., 2023).  District Courts within this Circuit have therefore found application of the First-Filed Rule "particularly appropriate in the context of competing pre-certification class actions which threaten to present overlapping classes, multiple attempts at certification in two different courts, and

complicated settlement negotiations." *Id.* (internal citation and quotation omitted). These very concerns are present here, and strongly favor application of the First-Filed Rule.

Plaintiff relies chiefly on two cases from outside of this Circuit which have declined to apply the First-Filed Rule to dismiss or stay a later action filed in the same district as an earlier action. Response, at pg. 8 (citing *Burke v. Bimbo Bakeries USA, Inc.*, 2020 WL 4547219 (S.D. N.Y. 2020), and *In re Univ. of Miami Covid-19 Tuition & Fee Refund Litig.*, 2020 WL 9071422 (S.D. Fla. 2020)). Notably, the *Burke* case expressly limited its holding to situations where both cases "reside on the docket of the same district judge," 2020 WL 4547219, at *2 (S.D. N.Y. 2020) – a qualification not present here. Moreover, both cases reasoned that dismissal or a stay under the First-Filed Rule was unnecessary precisely because the respective actions could be consolidated instead. Neither case provides any substantive analysis of why the First-Filed Rule would be limited only to cases pending in different federal districts.

Consistent with the above authorities, the mere fact that all three relevant cases are pending in the same district (but not before the same judge), is neither dispositive nor particularly relevant to whether the First-Filed Rule should be applied. Rather, as explained by the Court in *Walton*, the First-Filed Rule "requires only that 'the first <u>suit</u> should have priority,'" and imposes no requirement that such suits be filed in different districts. 2010 WL 11561770, at *2 (quoting *Ellicot Mach. Corp. v. Modern Welding Co., Inc.*, 502 F.2d 178, 180, n. 2 (4th Cir. 1974)).

Moreover, as discussed *supra*, the principal rationale for application of the First-Filed Rule—promoting judicial economy and avoiding duplicative/inconsistent rulings—is squarely at play in parallel or overlapping cases pending in the same district but before different judges. These concerns can only be effectively addressed by dismissal, stay, or consolidation. Court's undergo a similar analysis when applying their inherent authority to dismiss duplicative proceedings.

It is well recognized that a federal district court has the inherent power to administer its docket in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases. This concern with "wise judicial administration" is such that in appropriate instances a district court may avoid wasteful, repetitive litigation by dismissing an action before it when a parallel suit is pending in another court. . . .

**The irrationality of tolerating duplicative litigation in the federal system is all the more pronounced where, as here, two federal judges sitting on the same district court are . . . devoting scarce judicial resources to the adjudication of the same charges by essentially the same plaintiffs against the same defendants**.

*Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1212–13 (N.D. Ill. 1983) (emphasis added); *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 224 (7th Cir. 1993) (same) quoting *Ridge Gold* 572 F.Supp. at 1213.

Although not analyzed as "First-Filed Rule" cases, *Ridge Gold* and *Serlin* mirror the situation presented here, where dismissal or a stay is warranted to promote judicial economy and to avoid the risk of duplicative or inconsistent rulings, even as between different judges in the same judicial district. In this instance, the risk is multiplied due to the existence of ***three*** overlapping cases, each before a different judge. Indeed, declining to dismiss, stay, or consolidate these overlapping cases would require this District to expend the resources to have three separate judges preside over three putative class actions, each involving nearly identical proposed classes, claims, and damages against the same defendant, and each judge separately deciding whether such classes should be certified.

Because the Rule serves a vital function in preserving resources and avoiding inconsistent rulings, even where multiple cases are pending in the same judicial district, and Plaintiff does not otherwise contest the applicability of the First-Filed Rule, the Court should grant Homefix's Motion and dismiss or stay this action.

### If the Court Does Not Stay or Dismiss Under the First-Filed Rule
### This Case Should Be Consolidated with the Dribben and Miranda Cases

In the alternative, Homefix requests that this action be consolidated with the Dribben Case and/or the Miranda Case.[2]  Where the dismissal or a stay is rejected under the First-Filed Rule, consolidation of two putative class actions is appropriate where both cases share common questions of law and fact, share common defendants, and there is overlap among the classes. *A+ Auto Service, LLC v. Republic Services of South Carolina*, 2022 WL 3223912 (D. S.C. 2022) (denying motion to stay under First-Filed rule, but granting motion to consolidate related class actions); *see also Burke*, 2020 WL 4547219; *In re Univ. of Miami Covid-19 Tuition & Fee Refund Litig.*, 2020 WL 9071422; and *Butler*, 2018 WL 8693487.

Plaintiff contends that the interests of justice would be disserved by consolidation. In support, Plaintiff argues that whether this case overlaps with Dribben/Miranda is entirely unknown due to a lack of evidence showing that the calls at issue in the respective cases arose from the same circumstances. Plaintiff's argument proposes that in the absence of evidence that calls were placed by the same vendors, using the same equipment, under the same policies, and with leads from the same sources, an overlap assessment cannot be made.

The Eastern District of Virginia rejected this argument when Plaintiff raised it in opposition to Homefix's Motion to Transfer under the First-Filed Rule.[3] Judge Ellis conducted a detailed analysis of the proposed class descriptions, parties, and issues presented in the three cases, and based thereon, held that the "substantial overlap" standard was clearly satisfied because "this case involves the same issues as the *Miranda* and *Dribben* cases, and Plaintiff's proposed class

---

[2] Homefix has also filed a Motion to Stay or Consolidate in the Miranda Case, which remains pending. *See Miranda v. Homefix Custom Remodeling Corp.*, Case No. 8:22-cv-03190, D.E. 12.
[3] *See* E.D. Va. Case No. 1:23-cv-00192, D.E. 18 at p. 8.

members are nearly identical to those in the [Miranda and Dribben] cases." *Id.* at p. 11. Plaintiff's argument on this point must be rejected here for the same reasons.

Additionally, none of the claims or proposed classes are limited to calls made to telephone numbers obtained from any particular lead source or by any particular third party vendor using any particular type of equipment. Accordingly, any differences in the factual minutiae underpinning each claim have no impact on whether the respective claims are similar or dissimilar for purposes of establishing "substantial overlap", either under the First-Filed rubric or in evaluating whether consolidation is appropriate. Rather, in comparing class action cases, substantial overlap is to be determined by the proposed class definitions, the claims asserted, and the relief sought, not discovery of the specific facts, as may be entailed in a dispute over class certification. *See*, *e.g.*, *Samataro v. Keller Williams Realty, Inc.*, 2021 WL 228903 4 (E.D. Mich. 2021) ("The first-to-file rule in a class action suit requires the Court to compare the proposed classes, not the named plaintiffs.") citing *Baatz v. Columbia Gas Transmission*, LLC, 814 F.3d 785, 789 (6th Cir. 2016); *Kendus v. USPack Services LLC*, 2020 WL 1158570 *3-4 (D. Md. 2020) (finding similarity of issues under the First-Filed rule based on the two cases asserting the same type of claims and the same type of relief, even though one asserted a distinct state-law claim).

None of the other concerns raised by Plaintiff warrant permitting three nearly identical putative class actions to proceed separately.  No class has been certified in either this case or the Dribben or Miranda Cases, nor has any motion seeking such certification been filed.  Fact discovery remains ongoing in the Dribben Case. Discovery has not begun in this case or in the Miranda Case.  Although Plaintiff argues in her Response that discovery is set to close next month in the Dribben Case, the parties in that action are in discussions and have agreed in principal to

extend such deadline by twelve-fourteen weeks. To the extent that the actions are consolidated, further modifications to the discovery schedule could certainly be entertained as necessary.

Beyond that, the risk of inconsistent rulings is obvious. First and foremost, to have three judges separately consider whether nearly identical classes should be certified could easily result in vastly different outcomes in these cases that will have a profound effect on the resources necessary to continue the litigation and the damages at stake in the respective cases. Accordingly, as an alternative to Homefix's request that this action be dismissed or stayed pursuant to the First-Filed Rule Homefix requests that this action be consolidated with the Dribben and Miranda Cases.

However, to the extent that the Court determines that consolidation is not appropriate due to differences in the respective postures of the cases, as argued by Plaintiff, the rationale for declining to apply the First-Filed Rule evaporates. The authorities cited by Plaintiff acknowledge that duplicative actions should not proceed separately—the later filed action(s) should be dismissed, stayed, or consolidated with the earlier filed action. Accordingly, any finding that consolidation is not appropriate in this case would suggest that the better-fitting remedy is to **dismiss or stay this action** under the First-Filed Rule.

## CONCLUSION

As set forth above and in the Motion, there is substantial overlap between this case, the Dribben Case, and the Miranda Case, and application of the First-Filed Rule to dismiss or stay this action is warranted. Alternatively, due to the substantial overlap between this Case and the Dribben and Miranda Cases, in the event that the Court declines to exercise its discretion to dismiss or stay this action pursuant to the First-Filed Rule, the Court should consolidate this Case and the Dribben and Miranda Cases. Based on all of the foregoing, the Motion should be granted.

**WHEREFORE**, Defendant, HOMEFIX CUSTOM REMODELING, CORP., respectfully requests entry of an Order Dismissing or Staying this Action, or, alternatively, Consolidating this Case with the Dribben and Miranda Cases, and awarding Homefix any and all such other appropriate relief.

Respectfully submitted this 22nd day of August 2023.

**ADAMS AND REESE LLP**

*/s/ Gabriel D. Pinilla*
Gabriel D. Pinilla
Bar No. 22373
2301 Blake Street, Suite 100
Denver, Colorado 80205
Telephone: (813) 227-5516
Fascimile:  (813) 402-2887
Gabriel.Pinilla@arlaw.com
Alisyn.Burkowski@arlaw.com
*Counsel for Homefix Custom Remodeling Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2023, a copy of the foregoing has been served via the Court's electronic case filing system to:

| | |
|---|---|
| John McGowan, Esq.<br>Kinner & McGowan, PLLC<br>413 East Capitol St. SE<br>Washington, D.C. 20003<br>jmcgowan@kinnermcgowan.com | Anthony Paronich<br>Paronich Law, P.C.<br>350 Lincoln Street, Suite 2400<br>Hingham, Massachusetts 02043<br>anthony@paronichlaw.com |

By:     */s/ Gabriel D. Pinilla*
Gabriel D. Pinilla
Bar No. 22373